IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00195-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RONNIE NATHANIEL KEYES,

      Defendant.
_____

**UNOPPOSED MOTION TO CONTINUE TRIAL**
_____

      Mr. Ronnie Keyes, by and through undersigned counsel, David E. Johnson, hereby files this Unopposed Motion to Continue Trial, such that trial would begin on November 7, 2016, and in support thereof states as follows:

      1.    Mr. Keyes is charged with one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. *See* Doc. No. 1.

      2.    Undersigned counsel has reviewed the discovery provided to date, has met with Mr. Keyes on several occasions, has had discussions with the Assistant United States Attorney about the case, and has begun preliminary investigation.

      3.    Nevertheless, undersigned counsel has not had the opportunity to fully evaluate the evidence in this case, to conduct a complete investigation, or to conduct complete research despite due diligence. Counsel has identified several witnesses that he would like to find and interview, as well as various legal issues that need researched.

      4.    Further, Mr. Keyes has numerous health needs that counsel's office has devoted time and attention to since the detention hearing in this case.

5. Despite due diligence, undersigned counsel needs additional time to research potential legal issues and/or defense(s), and to investigate the allegations made in this case.

6. Mr. Keyes, by undersigned counsel, believes that the ends of justice are best served by the granting a continuance of the trial pursuant to 18 U.S.C. § 3161(h)(7)(A), and thereby requests that trial be continued and re-set to begin on November 7, 2016. Mr. Keyes believes that such interests outweighs the best interest of the public and Mr. Keyes in a speedy trial.

7. Undersigned counsel has discussed this motion with Assistant United States Attorney, Garreth Winstead, who expressed he has no objection to this motion.

8. Among the factors, applicable here, which the court is to consider in determining whether to grant a continuance pursuant to 18 U.S.C. § 3161(h)(7)(A) are:

    a. Whether the failure to grant the continuance would result in a miscarriage of justice. See 18 U.S.C. § 3161(h)(7)(B)(i). The defense believes that this would be case here.

    b. Whether the failure to grant a continuance in a case which is otherwise not unusual or complex would deny the Defendant the reasonable time necessary for effective preparation, taking into consideration the exercise of due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv). The defense believes again, this is the case.

9. In support of this motion Mr. Keyes addresses the factors articulated in *United States v. West*, 828 F.2d 1468, 1469-70 (10th Cir. 1987). This outline of factors

is consistent with the discussion concerning the adequacy of the record in an ends-of-justice continuance context found in *United States v. Toombs*, 574 F.3d 1262 (10th Cir. 2009), and *United States v. Williams*, 511 F.3d 1044 (10th Cir. 2007):

> In *West* the 10th Circuit outlined certain factors they look to when weighing whether a denial of a continuance is arbitrary or unreasonable. These factors include the diligence of the party requesting the continuance; the likelihood that the continuance, if granted, would accomplish the purpose underlying the party's expressed need for the continuance; the inconvenience to the opposing party, its witnesses, and the court resulting from the continuance; the need asserted for the continuance and the harm the appellant might suffer as a result of the district court's denial of the continuance.

Applying the West factors Mr. Keyes states as follows:

a. The defense has exercised diligence. Counsel has devoted time and resources to Mr. Keyes's case, as detailed above. Nevertheless, additional time will be needed in order to effectively represent Mr. Keyes. Simply stated, despite the efforts already put into Mr. Keyes's case, additional time will be required to effectively represent him at trial (if trial is necessary), or to effectively assist him in knowingly and intelligently deciding whether to enter into a plea agreement (if applicable).

b. Granting the requested continuance will accomplish counsel's need for additional time. If granted, counsel believes he will have the necessary time to complete research and investigation in Mr. Keyes' case. Thus, the continuance, if granted, would accomplish the purpose underlying the need for the continuance.

c. The government does not object to the defense request for a continuance. Counsel does not presume in any given instance that the Court would or would not be inconvenienced by a requested continuance. Counsel does not intend

3

inconvenience to this Court and knows of no particular aspect of this request which would cause such a problem.  As always, counsel is happy to cooperate with the Court to lessen the chance of inconvenience.

        d.      The final *West* factor is the need asserted for the continuance and the harm that the defendant might suffer as a result a denial.  The need for the continuance is described throughout this motion.  Without the requested continuance the defense will be unable to adequately prepare the case.  Apart from doing what he has, there has not been the opportunity to move forward with a complete review of the discovery, investigate the allegations, and then based upon that investigation, conduct subsequent legal research.  Absent a continuance of the trial, defense counsel will be unable to provide effective assistance of counsel and Mr. Keyes' right to be effectively represented in these proceedings will be seriously damaged.

        WHEREFORE, the Defendant, by and through undersigned counsel, and moves this Honorable Court for an ends of justice continuance of the trial, pursuant to 18 U.S.C. § 3161(h)(7)(A) and to thereby continue the start of trial in this case to November 7, 2016.

        Respectfully submitted,

        VIRGINIA L. GRADY
        Federal Public Defender

s/David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO 80202
Telephone: (303) 294-7002
FAX: (303) 294-1192
david.johnson@fd.org
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on July 26, 2016, I electronically filed the foregoing

**UNOPPOSED MOTION TO CONTINUE TRIAL**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Edwin Garreth Winstead, III, Assistant U.S. Attorney
    Garreth.winstead@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Ronnie Nathaniel Keyes (*via U.S. Mail)*

    s/David E. Johnson
    DAVID E. JOHNSON
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO 80202
    Telephone: (303) 294-7002
    FAX: (303) 294-1192
    david.johnson@fd.org
    Attorney for Defendant