IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

CASE NO. 16-cr-00195-MSK

UNITED STATES OF AMERICA,

      Plaintiff,

v.

RONNIE NATHANIEL KEYES,

      Defendant.

___

**JOINT MOTION TO REOPEN ISSUE OF DETENTION
AND FOR BOND TO BE GRANTED**
___

      Mr. Ronnie Keyes, by and through undersigned counsel, David E. Johnson, hereby files this Joint Motion to Reopen Issue of Detention and for Bond to be Granted, and in support thereof states as follows:

      1.     Mr. Keyes is charged with one count of violating 18 U.S.C. § 922(g)(1), felon in possession of a firearm. See Doc. No. 1. The indictment was filed June 8, 2016.

      2.     Mr. Keyes is a paraplegic. As a result of that condition, he has several additional health complications. His health is a fragile state.

      3.     A detention hearing was held in this case on June 29, 2016. The government sought detention, and Mr. Keyes sought bond. The issue of detention was taken under advisement. *See* Doc. No. 10. An Order of Detention was subsequently filed, and Mr. Keyes sought reconsideration of that Order. *See* Doc. Nos. 12 and 14. That reconsideration request was denied. Doc. No. 18.

4. Since that time, Mr. Keyes' circumstance have materially changed.

5. Mr. Keyes was being held in pretrial confinement at the GEO Group, Aurora Detention Facility. Undersigned counsel's office had frequent contacts with the U.S. Marshall's Office concerning Mr. Keyes' medical care. In late August, undersigned counsel's office was advised that an authorization request would be submitted for off-site medical review for Mr. Keyes.

6. Earlier this week, Mr. Keyes was taken from the GEO facility to Denver Health's Correctional Care Medical Facility (CCMF). Yesterday, it was communicated to counsel by a sergeant at the hospital that Mr. Keyes is scheduled to undergo surgery – that surgery is "imminent." The sergeant described to undersigned counsel that Mr. Keyes' condition was "pretty drastic."

7. Counsel has learned that Mr. Keyes will be undergoing a foot amputation. Counsel was previously aware that Mr. Keyes had open sores on his feet. He also has open sores on his backside. Further, since being placed in pre-trial detention in this case, Mr, Keyes has developed open sores on other places on his body (such as his back) where previously he did not have open sores. The wound care for these sores was frequently the subject of counsel's communications concerning Mr. Keyes' medical care.

8. Based on information and belief through information obtained from hospital personnel and Mr. Keyes, counsel can report that his foot amputation surgery is likely to occur today.

9. This is an extremely unsettling, difficult development for Mr. Keyes, as well as his family. Mr. Keyes and his family are exceptionally concerned. The recovery period is currently unknown. It will involve both physical and mental recovery.

10. Mr. Keyes needs the support of his friends and family during this difficult time. Ideally, they should be at his bedside when he awakes from surgery; they should be at his bedside to support him and each other; they should be at his bedside during his recovery from surgery.

11. Mr. Keyes has filed a Motion requesting an order from this Court authorizing personal visitation and phone calls. Even if granted, however, such visitation would be restricted to certain days and times: Saturdays and Sundays from 1 to 3 p.m. and Mondays from 6 to 8 p.m. Phone call access for pre-trial detainees at CCMF, even with authorization, is currently unknown.

12. Such limited visitation is insufficient for a person who is undergoing amputation surgery, and then recovering both physically and mentally from such a procedure.

13. Further, Mr. Keyes is understandably fearful of returning to pre-trial detention after hospitalization. Even after his foot amputation surgery, Mr. Keyes will continue to have open wounds on his body that require care. He has the right to adequate medical care. Obviously, there is significant concern about the care of his remaining wounds and health-care needs after surgery and after he leaves the hospital CCMF.

14. In essence, Mr. Keyes requests that bond be granted such that: a) he does not have to go through this stressful, difficult time in the basement of Denver Health, CCMF, without support; b) he will be able to have the support of his family and close friends while hospitalized and in recovery, without day and time limitation; c) after hospitalization, he have the ability to cope and further recover not in a detention facility; d) his family and home-care support network be able to tend to his post-operation medical needs, including the remaining open sores/wounds on his body; and e) his access to adequate medical care is ensured.

15. Given these changed circumstances, Mr. Keyes requests that the issue of detention be re-opened. *See* 18 U.S.C. § 3142(f)(2). As a paraplegic who has recently undergone amputation surgery while in pre-trial detention, a combination of conditions exists under which bond may be granted.

16. Specifically, the parties propose the following conditions of bond which may be supplemented by the Court:

a) Mr. Keyes remain at the hospital, per doctor orders, as long as it is medically necessary for him to do so; he is not to leave the hospital grounds without permission or clearance from hospital physician.

b) Once it is not medically necessary for Mr. Keyes to be hospitalized, he remain on home detention, with location monitoring, allowing him to leave only for authorize purposes including, medical necessities and legal requirements.

17. Undersigned counsel has conferred with Assistant United States Attorney, Garreth Winstead on this Motion. Mr. Winstead conveyed that he joins in this motion and that it should be filed as a "Joint Motion."

WHEREFORE, Mr. Keyes requests that the issue of detention be re-opened and bond be granted.

Respectfully submitted,

VIRGINIA L. GRADY
Federal Public Defender


s/David E. Johnson
DAVID E. JOHNSON
Assistant Federal Public Defender
633 17th Street, Suite 1000
Denver, CO  80202
Telephone:  (303) 294-7002
FAX:  (303) 294-1192
david.johnson@fd.org
Attorney for Defendant

# CERTIFICATE OF SERVICE

I hereby certify that on September 15, 2016, I electronically filed the foregoing

**JOINT MOTION TO REOPEN ISSUE OF DETENTION
AND FOR BOND TO BE GRANTED**

with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following e-mail addresses:

    Edwin Garreth Winstead, III, Assistant U.S. Attorney
    Garreth.winstead@usdoj.gov

and I hereby certify that I have mailed or served the document or paper to the following non CM/ECF participant in the manner (mail, hand-delivery, etc.) indicated by the non-participant's name:

    Ronnie Nathaniel Keyes (*via U.S. Mail*)

    s/David E. Johnson
    DAVID E. JOHNSON
    Assistant Federal Public Defender
    633 17th Street, Suite 1000
    Denver, CO  80202
    Telephone:  (303) 294-7002
    FAX:  (303) 294-1192
    david.johnson@fd.org
    Attorney for Defendant